# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| AARON ISBY-ISRAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-00172-WTL-DKL |
| | ) |
| BRUCE LEMMON Commissioner Indiana | ) |
| Department of Correction, STEPHEN HALL, | ) |
| R. NEMERGUT, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment on Exhaustion Defense**

Aaron Isby-Israel is an offender in the Indiana Department of Correction ("IDOC"). He alleges that the defendants denied him a Kosher diet in violation of his First Amendment rights, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and the injunctive relief ordered in *Willis v. Comm'r, Indiana Dep't of Correction*, 753 F. Supp. 2d 768 (S.D. Ind. 2010).[1] The defendants argue that this action should be dismissed because Isby-Israel failed to exhaust his administrative remedies prior to filing this action as required by the Prison Litigation Reform Act ("PLRA"). This affirmative defense must be resolved before reaching the merits of Isby-Israel's claims. *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative

---

[1] As a preliminary matter, the Court agrees with the class counsel's view that Isby-Israel's claims should not be brought as part of the *Willis* case. See dkt. 37.

exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (*quoting* Fed.R.Civ.P. 56(c) and *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983, or any other federal law. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524–25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). However, a prisoner is only required to exhaust those remedies that are available to him. Whether Isby-Israel used the grievance process at Wabash Valley Correctional Facility ("Wabash Valley") insofar as it was available to him is the relevant point of dispute here. A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002), or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole,* 438 F.3d at 809.

*Undisputed Facts*

The following facts are undisputed:

There was an administrative grievance process in effect at Wabash Valley during the relevant time period and Isby-Israel was acquainted with the process.[2] The grievance process includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the level one grievance. If an offender is unable to resolve his complaint or concern informally, the offender is permitted to file a formal grievance. An offender wishing to file a formal grievance must submit a completed grievance form no later than twenty working days from the date of the incident giving rise to the complaint or concern. Exhaustion of the grievance procedure requires pursuing an appeal to the final step of the grievance process.

Isby-Israel filed an informal grievance on July 14, 2011, which was denied by Chaplain Nemergut. Isby-Israel submitted a second informal grievance on August 22, 2011, complaining that he was being denied a kosher diet. No response was provided. See dkt. 33, ¶¶ 6-9.

Isby-Israel failed to submit a formal grievance or a formal appeal regarding his allegations that the defendants failed to provide him with a kosher diet before filing his complaint on May 3, 2013.

*Availability of Grievance Process*

Isby-Israel testified that on several occasions he asked for and was denied a formal grievance form from Julie Snider and Beverly Gilmore but they refused to provide Isby-Israel with a grievance form. See dkt. 33 at ¶¶ 10, 11. Isby-Israel notified grievance specialist Teresa Littlejohn that Julie Snider and Beverly Gilmore refused to provide him with the formal grievance forms, but Teresa Littlejohn refused to address his complaints or provide him with the

---

[2] See IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process.

formal grievance forms. The defendants argue that the grievance process was always open to Isby-Israel, as demonstrated by his liberal use of the process.

Based on the evidence presented, there is a material fact in dispute regarding whether the administrative remedy process was available to Isby-Israel. Specifically, the issue is whether Isby-Israel had access to the formal grievance forms necessary to exhaust his administrative remedies. Under these circumstances, the defendants' affirmative defense cannot prevail and an evidentiary hearing is warranted.

### *Strict Compliance is Required*

Isby-Israel requests that the Court find that he exhausted his administrative remedies for two reasons. First, because his informal efforts in 2011 were sufficient to satisfy the PLRA; and, second, because after this action was filed he did in fact exhaust his administrative remedies. Both of these arguments lack merit.

As previously mentioned, the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole,* 438 F.3d at 809; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). For an offender to exhaust properly, he must comply with a prison's deadlines and other procedural rules. *Woodford*, 548 U.S. at 90-91. It is not enough that Isby-Israel raised his dispute through a variety of informal channels. He was required to exhaust through Wabash Valley's grievance process. In addition, the language of 42 U.S.C. § 1997e(a) is clear: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." Thus, a prisoner may not, as Isby-Israel suggests, file a suit while the administrative appeal is pending. *Johnson v. Jones*, 340 F.3d 624,

627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory.").

*Conclusion*

Accordingly, the defendants' motion for summary judgment [dkt. 28] is **DENIED.** Similarly, Isby-Israel has not demonstrated that he exhausted his administrative remedies. Accordingly, an evidentiary hearing to resolve whether this action is barred by the exhaustion requirement of the PLRA shall be set by separate order.

Isby-Israel shall have **through July 30, 2014,** in which to notify the Court whether he requests the court's assistance in recruiting counsel to represent him at an evidentiary hearing.

**IT IS SO ORDERED.**

Date: 07/14/2014

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

AARON ISBY-ISRAEL
DOC # 892219
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel