UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON ISBY-ISRAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00172-WTL-DKL |
| ) | |
| BRUCE LEMMON Commissioner Indiana ) | |
| Department of Correction, STEPHEN ) | |
| HALL, R. NEMERGUT, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Affirmative Defense of Failure
to Exhaust Available Administrative Remedies**

**I. Background**

This is a civil rights action brought by Aaron Isby-Israel, an inmate incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"), against Indiana Department of Correction ("IDOC") employees Bruce Lemmon, Stephen Hall, and R. Nemergut. He alleges that the defendants denied him a Kosher diet in violation of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). The defendants have presented as an affirmative defense their contention that Mr. Isby-Israel failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action.

On January 21, 2015, a hearing was held on the defendants' exhaustion defense. The parameters of the hearing were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Counsel was recruited to represent Mr. Isby-Israel for the purpose of resolving this affirmative

defense.[1] All parties appeared at the hearing by counsel. Evidence, including testimony from grievance specialist Teresa Littlejohn and plaintiff Aaron Isby-Israel was introduced. In addition to evidence presented during the hearing, the Court considered the evidence presented in support of and opposition to the motion for summary judgment.

The burden of proof as to this defense rests on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). For the reasons explained in this Entry, the Court finds that the defendants have failed to meet their burden of proof. The affirmative defense that Mr. Isby-Israel failed to comply with the exhaustion requirement of the PLRA is therefore **rejected** and this action will proceed to the merits.

## II. Discussion

A. *The Exhaustion Requirement*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983, or any other federal law. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524–25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). However, a prisoner is only required to exhaust those remedies that are available to him.

---

[1] The Court appreciates the pro bono assistance provided by Krysta Kaye Gumbiner, Melissa Gardner and Tracy Betz of Taft Stettinius & Hollister LLP.

Whether Mr. Isby-Israel used the grievance process at Wabash Valley Correctional Facility ("Wabash Valley") insofar as it was available to him is the relevant point of dispute here. A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002), or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole,* 438 F.3d at 809.

B. *Mr. Isby-Israel's Use of the Exhaustion Process*

Based on the evidence and testimony, the Court finds the following with respect to Mr. Isby-Israel's attempt to use the administrative remedy process.

There was an administrative grievance process in effect at Wabash Valley during the relevant time period and Mr. Isby-Israel was acquainted with the process. The grievance process includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and then an appeal of the response to the formal grievance. An offender wishing to file a formal grievance must submit a completed grievance form no later than twenty working days from the date of the incident giving rise to the complaint or concern. Exhaustion of the grievance procedure requires pursuing an appeal to the final step of the grievance process.

Mr. Isby-Israel completed the informal grievance step by requesting conversations with Chaplain Nemergut and writing letters to Teresa Littlejohn, the Grievance Specialist at Wabash Valley Correctional Facility, regarding being denied a kosher diet.

Mr. Isby-Israel failed to submit a formal grievance or a formal appeal regarding his allegations that the defendants failed to provide him with a kosher diet before filing his complaint on May 3, 2013.

Mr. Isby-Israel testified that he was unable to file a formal grievance or a formal grievance appeal regarding the denial of a kosher diet because he was unable to obtain the grievance form necessary to complete the process.

Mr. Isby-Israel's unit team staff: Jerry Snyder, Beverly Gilmore, and Julie Snider were responsible for providing formal grievance forms to inmates such as Mr. Isby-Isreal. Mr. Isby-Israel testified that he did in fact request grievance forms from each member of the unit team staff, including Jerry Snyder, Beverly Gilmore, and Julie Snider. However, each of Mr. Isby-Israel's requests went unfulfilled.

After multiple failed attempts to obtain the form from his unit team, Mr. Isby-Israel testified that he wrote to Ms. Littlejohn, requesting a formal grievance form. Ms. Littlejohn testified that she did not provide Mr. Isby-Israel with the form upon his request because it was not her responsibility to provide formal grievance forms. She further testified that she has no knowledge as to whether Mr. Snyder, Ms. Gilmore, Ms. Snider, or anyone else provided Mr. Isby-Israel with the required form to grieve his kosher diet issue.

*C. Analysis*

The defendants attempt to discredit Mr. Isby-Israel's testimony by arguing that the grievance process was always open to Mr. Isby-Israel, as demonstrated by his liberal use of the process. For example, the record reflects that between 2006 and 2013, Mr. Isby-Isreal filed about 120 formal grievances. Since the fall of 2011, he has filed at least nineteen. The defendants ask this Court to infer that, because Mr. Isby-Isreal was provided forms for some grievances, he certainly would have been provided a form for this grievance. However, not a single person testified that Mr. Isby-Isreal was provided the form to formally grieve his kosher diet issue. Rather, the only evidence before this Court is that Mr. Isby-Isreal was not provided a grievance form related to this issue. Mr. Isby-Isreal testified that he wanted the forms, asked for the forms, but was not provided the forms. Ms. Littlejohn herself does not give inmates a form and has no knowledge regarding whether Mr. Isby-Isreal received the form. Mr. Isby-Isreal testified that if he had received the form he would have filed a formal grievance related to the denial of a kosher diet.

The defendants argue that Mr. Isby-Isreal's testimony is not credible, but in the absence of evidence to the contrary, his testimony will be accepted as true. In other words, without evidence from Julie Snider, Beverly Gilmore, or Jerry Snyder to contract Mr. Isby-Isreal's statement that he requested a formal grievance from them and that they failed to provide him with one, the fact that other grievances were filed during the relevant time frame is insufficient to establish that the grievance form was available to Mr. Isby-Isreal on the kosher diet issue.

In this case there is no conflicting evidence to weigh. Mr. Isby-Israel testified that he attempted on multiple occasions to obtain the necessary form to file a formal grievance from the appropriate prison employees, but was repeatedly denied the appropriate form.

### III. Conclusion

Here, the defendants failed to come forward with sufficient evidence to dispute Mr. Isby-Isreal's claim that he was prevented from filing a formal grievance on his Kosher diet claim. Accordingly, the defendants have not met their burden to prove their affirmative defense that Mr. Isby-Isreal failed to failed to exhaust his available administrative remedies prior to filing this action. *See Woodford*, 548 U.S. 81, 90-91 (2006); *see also Dale*, 376 F.3d at 655. Accordingly, the affirmative defense is **denied** and the case will proceed to the merits.

Given the limited nature of plaintiff's counsel's pro bono representation, counsel for the plaintiff is invited to either file a motion to withdraw or a notice of continued pro bono representation within 14 days of the date this Entry is docketed.

**IT IS SO ORDERED.**

Date: 4/10/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel